UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SUZANNE L. JOHNSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-01168-SLD-JEH |
| | ) |
| EPIC SYSETMS, ET. AL, GENA APPLEBY + FAMILY, ESTHER JIYUN + FAMILY, WHITNEY BARLOW + FAMILY, PHOENIX COMMUNITY DEVELOPMENT SYSTEMS, and PARADICE CASINO, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

Plaintiff Suzanne L. Johnston filed a complaint against various Defendants. Compl. 1–3, ECF No. 1. The matter comes before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and motion to request counsel, ECF No. 3, and for merit review pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **IFP Motion**

28 U.S.C. § 1915(a)(1) allows a court to authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit stating her assets and that she is unable to pay such fees. *See also Holly v. Wexford Health Servs., Inc.*, 339 F. App'x 633, 635–36 (7th Cir. 2009) ("A district court may allow an indigent plaintiff to file a lawsuit without prepaying the required fees if the plaintiff submits an affidavit with a statement of his assets and attests that he is too poor to pay."). "[A] person need not be absolutely destitute in order to enjoy the benefit of [§] 1915." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). She need only be unable to pay the costs of the proceeding and "still be able to provide h[er]self and [her]

dependents with the necessities of life." *Id.* (quotation marks omitted). "Courts have wide discretion to decide whether a litigant is impoverished . . . ." *Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012). Plaintiff represents that her only income is $723 in disability payments, presumably monthly. IFP Mot. 1. The Court is satisfied that Plaintiff is impoverished and thus financially eligible for IFP status. The motion to proceed IFP is therefore GRANTED.

**II.    Merit Review**

    **a.  Legal Standard**

The court must dismiss an action brought by an individual proceeding IFP if it determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915(e)(2)(B)(i) allows courts "to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[1] "A claim is factually frivolous if its allegations are bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007); *Neitzke*, 490 U.S. at 328 (noting that a court can dismiss complaints that describe "fantastic or delusional scenarios").

    **b.  Analysis**

This complaint is factually frivolous. It contains nonsensical, broad statements about how Defendants injured Plaintiff. For example, Plaintiff states that Gena Appleby and her family had a policy or custom that violated Plaintiff's rights, which she describes as: "theft of voice, libel, slander." Compl. 2 (capitalization altered). Plaintiff makes similar statements about Whitney Barlow and Esther Jiyun, *see id.* at 2–3, but also states that Jiyun "attempt[ed] to assassinate [her] with heroin + opium," *id.* at 2 (capitalization altered). Plaintiff makes no allegations against Phoenix Community Development Systems, Paradice Casino, or Epic

---

[1] *Neitzke* refers to 28 U.S.C. § 1915(d). *Neitzke*, 490 U.S. at 327. Section 1915(e)(2)(B)(i) is section 1915(d)'s "materially identical successor." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

Systems.  Plaintiff checked every box where asked how Defendants violated her civil rights, indicating that they, for example, "arrested or seized [her] without probable cause to believe that [she] had committed . . . a crime" and "failed to provide [her] with necessary medical care."  *Id.* at 5.  Where asked to describe what happened to her, Plaintiff states only: "I will speak to the Judge."  *Id.* at 6 (capitalization altered).  Plaintiff's allegations are irrational and bizarre, and her complaint is accordingly frivolous.

### III.     Conclusion

Accordingly, Plaintiff Suzanne L. Johnston's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.  Her complaint, ECF No. 1, is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as it is frivolous.  The motion to request counsel, ECF No. 3, is MOOT.  The Clerk is directed to enter judgment and close the case.

Entered this 10th day of July, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE